**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC, | Civil Action No. 1:26-cv-00515 (JLH) |
| | Civil Action No. 1:26-cv-00516 (JLH) |
| | Civil Action No. 1:26-cv-00517 (JLH) |
| Appellants, | Civil Action No. 1:26-cv-00518 (JLH) |
| | Civil Action No. 1:26-cv-00519 (JLH) |
| v. | Civil Action No. 1:26-cv-00520 (JLH) |
| YELLOW CORPORATION, *ET AL.*, | Civil Action No. 1:26-cv-00521 (JLH) |
| | Civil Action No. 1:26-cv-00522 (JLH) |
| Appellees. | Civil Action No. 1:26-cv-00523 (JLH) |

**APPELLANTS' STATEMENT OF THE ISSUES ON APPEAL AND
DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as supplemented by Rule 8009-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, MFN Partners, LP and Mobile Street Holdings, LLC (the "Appellants"), by and through their undersigned counsel, hereby respectfully submit the following statement of issues and designation of the items to be included in the record in connection with the following appeals: (1) Civil Action No. 1:26-cv-00515 (JLH); (2) Civil Action No. 1:26-cv-00516 (JLH); (3) Civil Action No. 1:26-cv-00517 (JLH); (4) Civil Action No. 1:26-cv-00518 (JLH); (5) Civil Action No. 1:26-cv-00519 (JLH); (6) Civil Action No. 1:26-cv-00520

---

[1] A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

(JLH); (7) Civil Action No. 1:26-cv-00521 (JLH); (8) Civil Action No. 1:26-cv-00522 (JLH); and (9) Civil Action No. 1:26-cv-00523 (JLH) (collectively, the "Appeals").

### I.    STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

The Appellants hereby state the following as issues on appeal pursuant to Bankruptcy Rule 8009(a)(1)(A):

1.    Whether the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") erred in approving the above-captioned debtors' and debtors in possession's (the "Debtors") settlement that allows Central States, Southeast and Southwest Areas Health and Welfare Fund's and Central States, Southeast and Southwest Areas Pension Fund's (collectively, "Central States") guaranty claim (the "Guaranty Claim") for approximately 18% of the asserted value after the Bankruptcy Court previously granted summary judgment in favor of the Debtors and found the Guaranty Claim unenforceable.

2.    Whether the Bankruptcy Court erred in "ascribing little to no weight" to the risk that the Supreme Court may reverse certain Pension Funds' favorable rulings regarding Special Financial Assistance even though the Debtors had filed a petition for certiorari that demonstrated good grounds for the Supreme Court to grant the petition.

3.    Whether the Bankruptcy Court erred in approving the settlement agreements (the "Settlement Agreements") as reasonable where the net effect of the Settlement Agreements materially reduces recoveries ***below*** what non-settling creditors would receive in a hypothetical chapter 7 case (including additional costs litigating any remaining matters concerning the claims asserted by the counterparties under the Settlement Agreements.

4.    Whether the Bankruptcy Court erred in approving the Debtors' Settlement Agreements as reasonable where the Settlement Agreements allow the claims in amounts that obviate the Bankruptcy Court's prior rulings.

5.      Whether the Bankruptcy Court erred in approving the Settlement Agreements with New England Teamsters Pension Fund ("New England Teamsters"), Central Pennsylvania Pension Fund and the IAM National Pension Fund when the settled claim amounts approved were greater than the recalculated unfunded vested benefits amounts provided for in the formula.

6.      Whether the Bankruptcy Court erred in approving the Settlement Agreements as reasonable when recalculation of unfunded vested benefits was based on an arbitrary formula that was untethered to reasonable actuarial assumptions required to be used under ERISA for purposes of calculating unfunded vested benefits and that treated multiemployer pension plans ("MEPPs") whose assumptions were more unreasonable better than MEPPs whose assumptions were less unreasonable.

7.      Whether the Bankruptcy Court erred in approving the Debtors' Settlement Agreements with certain Pension Funds where the unfunded vested benefits utilized in calculating the Settlement Agreement's claim amounts were unsupported by logic or methodology.

8.      Whether the Bankruptcy Court erred in relying on the Third Circuit's affirmation of the New York Teamsters contract issues in approving the Debtors' Settlement Agreement with the New England Teamsters without considering material differences between the two Pension Funds' contracts.

9.      Whether the Bankruptcy court erred in approving the Debtors' Settlement Agreement with New England Teamsters as reasonable when it did not take into consideration that the decision regarding the calculation of the Debtors' annual withdrawal liability payment was subject to appeals.

### DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD[2]

Appellants submit the following designation of items to be included in the record on appeal

(including any exhibit, annex, or addendum thereto):

| Item No. | Bankr. D.I. or Other Identifier | Date Filed | Description |
|---|---|---|---|
| 1. | D.I. 8799 | 04/02/2026 | Memorandum Order |
| 2. | D.I. 8852 | 04/22/2026 | Order Relating to Motion of the Debtors to Approve Settlement Agreement By and Among The Debtors and Mid-Jersey Trucking Industry and Teamsters Local 701 Pension and Annuity Fund |
| 3. | D.I. 8853 | 04/22/2026 | Order Relating to Motion of the Debtors to Approve Settlement Agreement By and Among the Debtors and Central States |
| 4. | D.I. 8854 | 04/22/2026 | Order Relating to Motion of the Debtors to Approve Settlement Agreement By and Among the Debtors and Freight Drivers and Helpers 557 Pension |
| 5. | D.I. 8863 | 04/23/2026 | Order Relating to Motion of the Debtors to Approve Settlement Agreement By and Among the Debtors and Central Pennsylvania Teamsters Pension Fund Defined Benefit Plan |
| 6. | D.I. 8864 | 04/23/2026 | Order Relating to Motion of the Debtors to Approve Settlement Agreement By and Among the Debtors and Teamsters Local 641 Pension Fund |
| 7. | D.I. 8865 | 04/23/2026 | Order Relating to Motion of the Debtors to Approve Settlement Agreement By and Among the Debtors and New England Teamsters Pension Fund |
| 8. | D.I. 8866 | 04/23/2026 | Order Relating to Motion of the Debtors to Approve Settlement Agreement By and Among the Debtors and Teamsters Joint Council #83 of Virginia Pension Fund |
| 9. | D.I. 8868 | 04/23/2026 | Order Relating to Motion of the Debtors to Approve Settlement Agreement By and Among the Debtors and Teamsters Pension Trust Fund of Philadelphia and Vicinity |
| 10. | D.I. 8869 | 04/23/2026 | Order Relating to Motion of the Debtors to Approve Settlement Agreement By and Among the Debtors and IAM National Pension Fund |

---

[2]  Certain record designations are maintained under seal by the Bankruptcy Court and have been denoted as [SEALED].  The Appellants intend to file a motion pursuant to Bankruptcy Rule 8009(f) requesting this Court to accept those designations under seal.

| | | | |
|---|---|---|---|
| 11. | | | Deposition transcript of Brian Whittman |
| 12. | | | Deposition transcript of Kenneth R. Stilwell |
| 13. | POC Nos. 4303-4306, 4312, & 6001-6004 | | Proofs of Claim filed by Central States, Southeast and Southwest Areas Pension Fund Withdrawal Liability |
| 14. | POC No. 4338 | 11/07/2023 | Proof of Claim filed by Central States, Southeast and Southwest Areas Pension Fund Penalty Claim |
| 15. | POC No. 18679 | 11/13/2023 | Proof of Claim filed by Freight Drivers and Helpers 557 Pension Fund |
| 16. | POC Nos. 14178, 15211, 15213, 15215, 15217, 20149 | | Proofs of Claim filed by Management Labor Pension Fund Local 1730 |
| 17. | POC Nos. 17473 & 17501 | 11/12/2023 | Proofs of Claim filed by Local 701 |
| 18. | POC No. 4507 | 11/09/2023 | Proof of Claim filed by New York Teamsters |
| 19. | POC Nos. 15724 & 15727 | 11/06/2023 | Proofs of Claim filed by Local 617 |
| 20. | POC Nos. 5505 & 5511 | 11/15/2023 | Proofs of Claim filed by Local 641 |
| 21. | POC Nos. 10748, 10749, 12488, 12489, & 12490 | | Proofs of Claim filed by Trucking Employees of North Jersey |
| 22. | POC Nos. 14941-14945, 15170 & 19144 | | Proofs of Claim filed by Local 707 |
| 23. | POC No. 17671 | 11/13/2023 | Proof of Claim filed by Central PA Teamsters Pension Fund |

| 24. | POC No. 18439 | 11/13/2023 | Proof of Claim filed by IAM National |
|---|---|---|---|
| 25. | POC No. 18709 | 11/13/2023 | Proof of Claim filed by New England Teamsters |
| 26. | POC No. 4484 | 11/09/2023 | Proof of Claim filed by Virginia Teamsters |
| 27. | POC Nos. 17473 & 17501 | 11/12/2023 | Proofs of Claim filed by International Brotherhood of Teamsters Union No. Local 710 Pension Fund |
| 28. | POC No. 14263 | 10/17/2023 | Proof of Claim filed by Teamsters Pension Trust Fund of Philadelphia |
| 29. | D.I. Nos. 1548, 2637, 3932, 4446, 5297, 6072, 7429, 8204, 8030, 8363, 8532 | | Interim Fee Applications of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, plus monthly applications not yet included in an interim application (for the Period from August 6, 2023 Through November, 2025) |
| 30. | Whitman deposition Exhibit 4; D.I. 5997 | 03/28/2025 | Plan Supplement for the Third Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors |
| 31. | Whitman deposition Exhibit 2; D.I. 8297 | 11/26/2025 | Declaration of Brian Whittman in Support of Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief |
| 32. | Whitman deposition Exhibit 7; D.I. 8485 | 01/05/2026 | Stipulation Between MFN Partners, LP, Mobile Street Holdings, LLC and Debtors Regarding Certain Undisputed Facts Regarding Motion of the Debtors for Entry of an Order Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds |
| 33. | D.I. 8502 | 01/08/2026 | Second Stipulation Regarding Certain Undisputed Facts Regarding Motion of the Debtors for Entry of an Order Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds |
| 34. | U.S. District Court, District of Kansas, D.I. 143 | | Second Amended IBT complaint |
| 35. | D.I. 6030 | 04/07/2025 | Memorandum Opinion Setting Forth Preliminary Observations on Remaining Multiemployer Pension Plan Claims Allowance Disputes |

| 36. | D.I. 8212 | 11/18/2025 | Transcript regarding Hearing Held 11/17/25 RE: Bench Ruling on Plan Confirmation |
|---|---|---|---|
| 37. | D.I. 8226 | 11/18/2025 | Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code |
| 38. | D.I. 8258 | 11/25/2025 | Memorandum Opinion regarding Plan Confirmation |
| 39. | D.I. 8285 | 11/25/2025 | Supplemental Application of the Official Committee of Unsecured Creditors of Yellow Corporation, et al. to Retain and Employ Miller Buckfire on Additional Terms as Investment Banker, Nunc Pro Tunc to August 21, 2023 |
| 40. | D.I. 8374 | 12/11/2025 | Objection of United States Trustee to Supplemental Application/Motion to Employ/Retain Miller Buckfire as Investment Banker |
| 41. | D.I. 8424 | 12/19/2025 | Order Denying the Supplemental Application to Retain and Employ Miller Buckfire on Additional Terms as Investment Banker, Nunc Pro Tunc to August 21, 2023 |
| 42. | D.I. 8534-1 | 1/15/2026 | Declaration of Manish Kumar in Support of Objection of MFN Partners, LP and Mobile Street Holdings, LLC, to Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief |
| 43. | Bates-stamp UCC Yellow 0000001, 0000005, 00000021, 0000635, 0000306 | | [SEALED] Committee Minutes November 2024 through October 2025 |
| 44. | Whitman deposition Exhibit 1 | | Debtors Responses' & Objections to the 30(b)(6) Notice |
| 45. | Whitman deposition Exhibit 3 | | Debtors' Amended Responses and Objections to MFN Partners, LP and Mobile Street Holdings, LLC First Set of Interrogatories Regarding Motion of the Debtors for Entry of an Order Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds |
| 46. | | | MFN Partners, LP And Mobile Street Holding's Rule 31 Deposition By Written Questions New York State Teamsters Conference Pension And Retirement Fund's |
| 47. | | | New York State Teamsters Conference Pension And Retirement Fund's Responses And Objections To MFN Partners, LP And Mobile Street Holding's Rule 31 Deposition By Written Questions General Objections |

| | | | |
|---|---|---|---|
| 48. | | | MFN Parties' Responses and Objections to Debtors' First Set of Interrogatories to MFN Partners, LP and Mobile Street Holdings, LLC Regarding Debtors' Motion for Order Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds |
| 49. | Whitman deposition Exhibit 6; Bates Stamp Debtors 10592 | | Liquidation Analysis for the Fourth Amended Plan YELLOW_DEBTORS_CONFIRMATION_00010592– 00010597 |
| 50. | Bates 24910-24919 | | [SEALED] Yellow Corporation Board Minutes and Presentation dated March 23, 2025 |
| 51. | Whitman deposition Exhibit 10; Bates 00191-00217 | | [SEALED] Yellow Corporation Board Presentation dated October 1, 2025 |
| 52. | Whitman deposition Exhibit 9; Bates 08230-08245 | | [SEALED] Yellow Corporation Board Presentation dated October 22, 2025 |
| 53. | | | Granting of Extension to file petition for writ of certiorari of the Third Circuit Appeal |
| 54. | | | International Brotherhood of Teamsters Union Local No., 710 Pension Fund Pension Plan (Amended and Restated as of January 1, 2022) |
| 55. | | | Summary sheet of Kirkland & Ellis fees |
| 56. | | | New York State Teamsters Script for Kenneth R. Stilwell Deposition |
| 57. | D.I. 8551 | 01/19/2026 | Third Stipulation Regarding Certain Additional Undisputed Facts Between MFN Partners, LP and Mobile Street Holdings, LLC and the Debtors Regarding Motion of the Debtors for Entry of an Order Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds |
| 58. | D.I. 8555 | 01/20/2026 | Stipulation Regarding Certain Undisputed Facts Between MFN Partners, LP and Mobile Street Holdings, LLC and the New England Teamsters Pension Fund and Central Pennsylvania Teamsters Pension Fund Regarding Motion of the Debtors for Entry of an Order Approving |

| | | | the Settlement Agreements By and Among the Debtors and Certain Pension Funds |
|---|---|---|---|
| 59. | D.I. 7603 | 9/12/2025 | MFN Partners, LP's and Mobile Street Holdings, LLC's Objection to Proofs of Claim Filed by New York State Teamsters Conference Pension and Retirement Fund |
| 60. | D.I. 7604 | 9/12/2025 | Debtors' Joinder to MFN Partners, LP's and Mobile Street Holdings, LLC's Objection to Proofs of Claim Filed By New York State Teamsters Conference Pension and Retirement Fund |
| 61. | D.I. 7731 | 10/3/2025 | New York State Teamsters Conference Pension and Retirement Fund's Response to MFN Partners, LP's and Mobile Street Holdings, LLC's Objection to Proofs of Claim Filed By New York State Teamsters Conference Pension and Retirement Fund |
| 62. | D.I. 7732 | 10/3/2025 | Declaration of William A. Hazeltine in Support of New York State Teamsters Conference Pension and Retirement Fund's Response to MFN Partners, LP's and Mobile Street Holdings, LLC's Objection to Proofs of Claim Filed By New York State Teamsters Conference Pension and Retirement Fund |
| 63. | D.I. 8254 | 11/24/2025 | MFN Partners, LP's and Mobile Street Holdings, LLC's Reply to New York Teamsters Conference Pension and Retirement Fund's Response to Objection to Proofs of Claim |
| 64. | D.I. 8535 | 1/15/2026 | Limited Joinder of the Official Committee of Unsecured Creditors of Yellow Corporation, et al., to MFN Partners, LP's and Mobile Street Holdings, LLC's Objection to Proofs of Claim Filed By New York State Teamsters Conference Pension and Retirement Fund and the Debtors' Joinder Thereto |
| 65. | D.I. 8296 | 11/26/2025 | Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief |
| 66. | D.I. 8297 | 11/26/2025 | Declaration of Brian Whittman in Support of Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief |
| 67. | D.I. 8443 | 12/22/2025 | Supplemental Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief |
| 68. | D.I. 8515 | 1/12/2026 | Statement of the Official Committee of Unsecured Creditors in Support of Pension Fund Settlement Motions |
| 69. | D.I. 8516 | 1/12/2026 | [SEALED] Objection of MFN Partners, LP and Mobile Street Holdings, LLC to the Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief |
| 70. | D.I. 8539 | 1/16/2026 | Reply of Central States Pension Fund and of Central States Health Fund in Response to MFN and Mobile Street's Objections to the Proposed Settlements, and in Support of Debtors' Motion to Approve Settlements |

| 71. | D.I. 8540 | 1/18/2026 | The Funds' Reply in Support of Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief |
| --- | --- | --- | --- |
| 72. | D.I. 8542 | 1/18/2026 | New York State Teamsters Conference Pension and Retirement Fund, Management Labor Pension Fund Local 1730, Teamsters Local 617 Pension Plan, and Trucking Employees of North Jersey Pension Fund's Joinder to Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief and Reply to Objection of MFN Partners, LP and Mobile Street Holdings, LLC to the Motion |
| 73. | D.I. 8543 | 1/19/2026 | Debtors' Reply in Support of Approval of Settlement Agreements By and Among the Debtors and Certain Pension Funds |
| 74. | D.I. 8554 | 1/19/2026 | Supplemental Declaration of Brian Whittman in Support of Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief |
| 75. | | | Transcript of January 21, 2026 Hearing |
| 76. | | | Expert Report: Calculations of Withdrawal Liability for Settlement Purposes, by Robert T. Campbell |

## II.    RESERVATION OF RIGHTS

Appellants expressly reserve, and do not waive, the right to amend, supplement, or otherwise modify the foregoing designations, to adopt the designation of any items designated or counter-designated by any other appellant, cross-appellant, appellee, or cross-appellee to this appeal, and/or to object to or move to strike the items designated or counter-designated for inclusion in the record on appeal by any such other parties.  This filing is made expressly subject to, and without waiver of, any and all rights, remedies, challenges, and objections.

## CERTIFICATION PURSUANT TO BANKRUPTCY RULE 8009(b)

In an appeal from a bankruptcy court ruling, Bankruptcy Rule 8009(b) requires an appellant to either: (i) order from the court reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal and file a copy of the order with the bankruptcy clerk; or (ii) file a certificate with the bankruptcy clerk stating that the appellant is not

ordering a transcript. Pursuant to Bankruptcy Rule 8009(b), Appellants respectfully certify to the Clerk of Court that they are not ordering a transcript not already on file and that transcripts of such parts of the proceedings that the Appellants consider necessary for the appeal were previously ordered and are included in this designation of the record on appeal.

[*Signature Page Follows*]

Dated:  May 18, 2026
        Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

/s/ *L. Katherine Good*
L. Katherine Good (DE No. 5101)
Shannon A. Forshay (DE No. 7293)
Ethan H. Sulik (DE No. 7270)
Halley S. Dannemiller (DE No. 7562)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
sforshay@potteranderson.com
esulik@potteranderson.com
hdannemiller@potteranderson.com

– and –

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Eric Winston (admitted *pro hac vice*)
Benjamin Roth (admitted *pro hac vice*)
865 S. Figueroa Street, 10 Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email:  ericwinston@quinnemanuel.com
benroth@quinnemanuel.com

– and –

**LITTLER MENDELSON, P.C.**
Eric D. Field (admitted *pro hac vice*)
815 Connecticut Avenue, NW Suite 400
Washington, D.C. 20006
Telephone: (202) 772-2539
Email: efield@littler.com

*Counsel for Appellants, MFN Partners, LP and Mobile Street Holdings, LLC*

12