**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered) |
| MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC,<br><br>　　　　　　　　　　　Appellants,<br><br>　　　　　　　v.<br><br>YELLOW CORPORATION, *ET AL.*,<br><br>　　　　　　　　　　　Appellees. | Civil Action No. 1:26-cv-00515 (JLH)<br>Civil Action No. 1:26-cv-00516 (JLH)<br>Civil Action No. 1:26-cv-00517 (JLH)<br>Civil Action No. 1:26-cv-00518 (JLH)<br>Civil Action No. 1:26-cv-00519 (JLH)<br>Civil Action No. 1:26-cv-00520 (JLH)<br>Civil Action No. 1:26-cv-00521 (JLH)<br>Civil Action No. 1:26-cv-00522 (JLH)<br>Civil Action No. 1:26-cv-00523 (JLH) |

**APPELLANTS' UNOPPOSED MOTION TO CONSOLIDATE APPEALS**

Appellants MFN Partners, LP and Mobile Street Holdings, LLC (the "Appellants"), pursuant to rule 42(a) of the Federal Rules of Civil Procedure (the "Civil Rules") and rule 8003(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby move this Court (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), consolidating the following appeals: (1) Civil Action No. 1:26-cv-00515 (JLH); (2) Civil Action No. 1:26-cv-00516 (JLH); (3) Civil Action No. 1:26-cv-00517 (JLH); (4) Civil Action No. 1:26-cv-00518 (JLH); (5) Civil Action No. 1:26-cv-00519 (JLH); (6) Civil Action No. 1:26-cv-00520 (JLH); (7) Civil Action No. 1:26-cv-00521 (JLH); (8) Civil

---

[1]　A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is:  10990 Roe Avenue, Overland Park, Kansas 66211.

Action No. 1:26-cv-00522 (JLH); and (9) Civil Action No. 1:26-cv-00523 (JLH) (collectively, the "Appeals"). In support of this Motion, the Appellants respectfully state as follows:

## BACKGROUND

1. On August 6, 2023 (the "Petition Date") and continuing into August 7, 2023, each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of this Motion, no trustee or examiner has been appointed.

2. On August 16, 2023, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee") [Bankr. Docket No. 269] and has twice filed notices of amendments to the Committee constituents. *See* Bankr. Docket Nos. 3430 & 5615.

3. On November 19, 2025, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Bankr. Docket No. 8229] (the "Confirmation Order").

4. On November 26, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Bankr. Docket No. 8296] (the "Settlement Motion"), and on December 22, 2025, the Debtors filed the *Supplemental Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and among the Debtors and Certain Pension*

*Funds and (II) Granting Related Relief* [Bankr. Docket No. 8443] (the "Supplemental Settlement Motion" and with the Settlement Motion, the "Settlement Motions").  By the Settlement Motions, the Debtors sought the Bankruptcy Court's approval under Bankruptcy Rule 9019 of settlement agreements (the "Settlement Agreements") with fifteen pension funds (the "Pension Funds") resolving their claims against the Debtors.

5.      On January 12, 2026, the Appellants objected to the Settlement Motions [Bankr. Docket No. 8516] (the "Objection").

6.      The Bankruptcy Court heard evidence and argument on the Settlement Motions and the Objection at a hearing on January 21, 2026 (the "Settlement Hearing").  On April 2, 2026, the Bankruptcy Court issued its *Memorandum Opinion* [Bankr. Docket No. 8799] (the "Settlement Opinion"), approving in part the Settlement Motions.  On April 22 and 23, 2026, the Bankruptcy Court entered orders approving, in part, the Settlement Motions (the "Settlement Orders").  *See* Bankr. Docket Nos. 8852–8854 & 8860–8869.

7.      On May 4, 2026, the Appellants filed *Notices of Appeal*, *see* Bankr. Docket Nos. 8881–8889, whereby Appellants appealed certain of the Settlement Orders and the Settlement Opinion as it related to certain Pension Funds (the "Appellee Pension Funds," and with the Debtors and the Committee, the "Appellees").  The Appeals were given case numbers (1) Civil Action No. 1:26-cv-00515 (JLH); (2) Civil Action No. 1:26-cv-00516 (JLH); (3) Civil Action No. 1:26-cv-00517 (JLH); (4) Civil Action No. 1:26-cv-00518 (JLH); (5) Civil Action No. 1:26-cv-00519 (JLH); (6) Civil Action No. 1:26-cv-00520 (JLH); (7) Civil Action No. 1:26-cv-00521 (JLH); (8) Civil Action No. 1:26-cv-00522 (JLH); and (9) Civil Action No. 1:26-cv-00523 (JLH), and were assigned to this Court.

**BASIS FOR RELIEF**

8.      Civil Rule 42(a) authorizes this Court to consolidate actions that involve "common question[s] of law or fact."  Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").  Such discretion applies to bankruptcy appeals before this Court.  *In re Mock*, 398 F. Appx. 716, 718 (3d Cir. 2010) (applying rule 42(a) to bankruptcy appeals).  Where consolidation would "facilitate the administration of justice," the Court's discretion to consolidate is broad.  *Eastman Chemical Co. v. AlphaPet Inc.*, No. 09-971-LPS-CJB, 2011 WL 7121180, at *2 (D. Del. Dec. 29, 2011) (citing *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).  In determining whether consolidation is appropriate, the Court must first determine whether common questions of law or fact exist; thereafter, the Court must balance the interests of judicial efficiency against  any "inconvenience, delay, or expense" that may result from the consolidation.  *Id.*

9.      Bankruptcy Rule 8003(b)(2) similarly provides that "[w]hen parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals."  Fed. R. Bank. P. 8003(b).  Courts in this district routinely consolidate appeals of interrelated Bankruptcy Court orders.  *See, e.g.*, *Freedom Lender Group v. Franchise Group, Inc. (In re Franchise Group, Inc.)*, Civ. No. 24-01394 (JLH) (D. Del. Jan. 3, 2025) [Docket No. 28]; *Camshaft Cap. Fund, LP v. Byju's Alpha, Inc. (In re Byju's Alpha, Inc.)*, Civ. No. 24-00385 (MN) (D. Del. June 7, 2024) [Docket No. 22]; *TPC Group Litig. Plaintiffs v. SK Second Reserve L.P. (In re Port Neches Fuels, LLC)*, Civ. No. 23-00255 (RGA) (D. Del. May 26, 2023) [Docket No. 15]; *Fenicle v. EFH Plan Administrator Board (In re Energy Future Holdings Corp.)*, Civ. No. 18-00877 (RGA) (D. Del.

4

Aug. 23, 2018) [Docket No. 30]; *Nortel Networks Inc. v. Off. Comm. Unsecured Creditors (In re Nortel Networks Inc.)*, Civ. No. 15-00624 (LPS) (D. Del. Nov. 19, 2015) [Docket No. 34].

10.     The facts and circumstances of the Appeals strongly support their consolidation. *First*, the Appeals share substantially overlapping questions of fact and law.  Each arises from the Debtors' Settlement Motions, was heard at the Settlement Hearing, and was decided in the Settlement Opinion.  There are overlapping legal issues between many of the Pension Funds' claims and some of the settlements "operate through a largely common methodology" (Settlement Opinion at 23).  Moreover, if the Appeals are consolidated, the Appellants intend to submit a consolidated Designation of Record for each Appeal as the evidentiary record in the Bankruptcy Court was similarly consolidated.  Accordingly, the Appellants submit that a "common question of law or fact" permits consolidation of the Appeals.

11.     *Second*, judicial economy favors the consolidation of the Appeals.  Maintaining a single, consolidated docket for the Appeals will obviate the need for significant repetitive briefing and argument on substantially overlapping factual and legal issues.  Consolidation will preserve both this Court's and the parties' resources and result in the expeditious resolution of the Appeals and is therefore favored.  *See Resnick v. Woertz*, 774 F. Supp. 2d 614, 625 (D. Del. 2011) ("In light of the common factual and legal issues, the court concludes that it is in the interests of judicial economy to consolidate the actions[.]"); *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) ("Consolidation will . . . avoid duplicitous filings, and eliminate the risk of inconsistent results between two proceedings.  Not only will resolution of separate actions waste time, energy, and money but nothing has been presented to indicate any inconvenience, delay or expense will result from simultaneous disposition.  Therefore, this Court holds that consolidation of the two pending suits is appropriate.").

12.     Based on the foregoing, the Appellants submit that consolidation will benefit the Court and all parties and will not prejudice any party and should be permitted in these Appeals.

## CERTIFICATION PURSUANT TO D. DEL. L.R. 7.1.1

13.     Pursuant to rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, the undersigned counsel for the Appellants certifies that he has conferred with counsel for the Appellees, none of whom oppose the relief requested herein.

## CONCLUSION

WHEREFORE, the Appellants respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, consolidating the Appeals.

[*Signature Page Follows*]

Dated:   May 27, 2026
           Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

/s/ *Ethan H. Sulik*

L. Katherine Good (DE No. 5101)
Shannon A. Forshay (DE No. 7293)
Ethan H. Sulik (DE No. 7270)
Halley S. Dannemiller (DE No. 7562)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
sforshay@potteranderson.com
esulik@potteranderson.com
hdannemiller@potteranderson.com

– and –

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Eric Winston (admitted *pro hac vice*)
Benjamin Roth (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email:  ericwinston@quinnemanuel.com
benroth@quinnemanuel.com

– and –

**LITTLER MENDELSON, P.C.**
Eric D. Field (admitted *pro hac vice*)
815 Connecticut Avenue, NW Suite 400
Washington, D.C. 20006
Telephone: (202) 772-2539
Email: efield@littler.com

*Counsel for Appellants, MFN Partners, LP and Mobile Street Holdings, LLC*

7