# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered) |
| MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC,<br><br>Appellants,<br><br>v.<br><br>YELLOW CORPORATION, *ET AL.*,<br><br>Appellees. | Civil Action No. 1:26-cv-00515 (JLH)<br>Civil Action No. 1:26-cv-00516 (JLH)<br>Civil Action No. 1:26-cv-00517 (JLH)<br>Civil Action No. 1:26-cv-00518 (JLH)<br>Civil Action No. 1:26-cv-00519 (JLH)<br>Civil Action No. 1:26-cv-00520 (JLH)<br>Civil Action No. 1:26-cv-00521 (JLH)<br>Civil Action No. 1:26-cv-00522 (JLH)<br>Civil Action No. 1:26-cv-00523 (JLH) |

## JOINT MOTION OF APPELLANTS AND DEBTORS
## TO ACCEPT DOCUMENTS UNDER SEAL INTO THE APPELLATE RECORD

Pursuant to Rules 8009(f) and 8013(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), MFN Partners, LP and Mobile Street Holdings, LLC (the "Appellants") and the above-captioned debtors and debtors in possession (the "Debtors," and with the Appellants, the "Movants"), hereby file this motion (this "Motion") requesting that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), accepting under seal into the appellate record certain documents and exhibits that were placed under seal in the above-captioned chapter 11 cases (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Those documents are included in the

---

[1] A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

*Appellants' Statement of the Issues on Appeal and Designation of Items to be Included in the Record on Appeal* (the "<u>Appellant Designation</u>") filed in the above-captioned appeals (the "<u>Appeals</u>") before this Court and the forthcoming designation to be filed by the Debtors (the "<u>Debtor Designation</u>," and with the Appellant Designation, the "<u>Designations</u>"). In support of this Motion, the Movants respectfully state as follows:

### BASIS FOR RELIEF

1.      The Appellants have filed the Appellant Designation with this Court identifying those items that they seek to include in the record in these Appeals.  The Debtors intend to file the Debtor Designation identifying documents the Debtors seek to have included in the record in these Appeals.  The Designations include (or will include) certain documents and exhibits that were filed or admitted under seal with the Bankruptcy Court (collectively, the "<u>Sealed Documents</u>").

2.      Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information.  The section provides, in relevant part: "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."  11 U.S.C. § 107(b)(1).  Such information provides a broader exception than is available under common law.  *In re ESML Holdings Inc*, 135 F.4th 80 (3d Cir. 2025).

3.      Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause."  *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the

categories identified in section 107(b) of the Bankruptcy Code. Applying this standard, the Bankruptcy Court authorized the Sealed Documents to be maintained under seal within the Bankruptcy Case to prevent potential harm from the disclosure of sensitive commercial information. Specifically, the Sealed Documents include sensitive information including minutes from meetings of the Debtors' board and Committee meetings concerning case strategy and information prepared by the professionals for the Committee in support of the Fourth Amended Plan, the disclosure of which the Bankruptcy Court determined could harm the Debtors and the Committee.

4. Bankruptcy Rule 8009(f) provides that the Sealed Documents may be transmitted to this Court only upon this Court's order. Fed. R. Bankr. P. 8009(f). Consistent with that rule, the Movants file this Motion "to accept the [Sealed] [D]ocument[s] under seal . . . in the court where the appeal is pending." *Id.* "If the [M]otion is granted," the Movants will "notify the Bankruptcy Court," so that the bankruptcy clerk may "promptly send the [S]ealed [D]ocument[s] to the clerk of the court where the appeal is pending." *Id.*

5. The Sealed Documents in the Appellant Designation include:

 a. Committee Minutes November 2024 through October 2025 [Bates-stamp UCC Yellow 0000001, 0000005, 00000021, 0000635, 0000306];
 b. Yellow Corporation Board Minutes and Presentation dated March 23, 2025 [Bates 24910-24919];
 c. Yellow Corporation Board Presentation dated October 1, 2025 [Whittman Deposition Exhibit 10; Bates 00191-00217];
 d. Yellow Corporation Board Presentation dated October 22, 2025 [Whittman Deposition Exhibit 9; Bates 08230-08245]; and
 e. Objection of MFN Partners, LP and Mobile Street Holdings, LLC to the Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements By and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief [Docket No.[2] 8516].

---

[2] Docket No. refers to the docket in Bankruptcy Case No. 23-11069.

6. The Sealed Documents in the forthcoming Debtor Designation include:

   a. Yellow Corporation October 1, 2025 board meeting minutes [Bates YELLOW_DEBTORS_9019_00010413-00010415]
   b. Yellow Corporation October 22, 2025 board meeting minutes [Bates YELLOW_DEBTORS_9019_00010416-00010417]

7. Because the relief that the Movants seek is procedural, this Court may rule on the Motion at any time without awaiting a response. *See* Fed. R. Bankr. P. 8013(b).

## CERTIFICATION PURSUANT TO D. DEL. L.R. 7.1.1

8. Pursuant to rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, the undersigned counsel for the Appellants and the Debtors certify that they have conferred with counsel for the non-Debtor Appellees, none of whom oppose the relief requested herein.

## CONCLUSION

WHEREFORE, the Movants respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, accepting the Sealed Documents into the appellate record and granting any other relief that the Court deems just and proper under the circumstances.

[*Signature Pages Follows*]

Dated: May 27, 2026
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

/s/ *Ethan H. Sulik*

L. Katherine Good (DE No. 5101)
Shannon A. Forshay (DE No. 7293)
Ethan H. Sulik (DE No. 7270)
Halley S. Dannemiller (DE No. 7562)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
sforshay@potteranderson.com
esulik@potteranderson.com
hdannemiller@potteranderson.com

– and –

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Eric Winston (admitted *pro hac vice*)
Benjamin Roth (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email:  ericwinston@quinnemanuel.com
benroth@quinnemanuel.com

– and –

**LITTLER MENDELSON, P.C.**
Eric D. Field (admitted *pro hac vice*)
815 Connecticut Avenue, NW Suite 400
Washington, D.C. 20006
Telephone: (202) 772-2539
Email: efield@littler.com

*Counsel for Appellants, MFN Partners, LP and Mobile Street Holdings, LLC*

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
        tcairns@pszjlaw.com
        pkeane@pszjlaw.com
        ecorma@pszjlaw.com

Patrick J. Nash, P.C. (*pro hac vice* pending)
Shirley Chan (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 W. Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: pnash@kirkland.com
        shirley.chan@kirkland.com

*Co-Counsel for Appellees, the Debtors and Debtors in Possession*

6